### FORCIBLE ENTRY AND DETAINER.

[Circuit Court of Lucas County.]

GEORGE HELLER v. MARY BEAL.

Decided, February 3, 1902.

*Justice of the Peace—Proceedings Before, in Forcible Entry and Detainer—Bill of Exceptions—Competency of Evidence Alone Open to Review—Notice to Vacate and Proof Thereof—Refusal of Defendant to Produce Notice—Copy of, Need Not be Retained.*

1. Facts are established in the trial of a case both by direct and circumstantial evidence, and it is therefore impossible for a magistrate to certify that a bill of exceptions contains all the evidence bearing upon a given subject, or to say what testimony was considered by the jury in arriving at their conclusion, and where this is attempted, and a bill of exceptions does not purport to contain all the evidence offered in a case, it can not be reviewed on the question of weight of evidence.

2. Moreover, in an action before a justice of the peace in a forcible entry and detainer case, it is the competency of evidence, and not its weight, that is open to review.

3. Where the record shows in such a case that a demand was made in open court upon the defendant to produce the notice to vacate the premises, and the demand was refused, oral testimony regarding the giving of the notice is competent, notwithstanding no notice was given to the defendant prior to the trial to produce the notice to vacate.

4. The defendant having this notice in his possession, his refusal to produce it would be some evidence that the contents of the notice, if produced, would be against his contention.

5. The requirement of the statute is met, if written notice is served on the defendant or at his place of abode at least three days before the bringing of the action; whether or not the plaintiff retains a copy of the notice is of no moment to the defendant.

HULL, J.; PARKER, J., and HAYNES, J., concur.

This action is brought to reverse the judgment of the court of common pleas, which affirmed the judgment of a justice of the peace in a forcible entry and detainer case.  The plaintiff in error was the defendant below, and the defendant in error brought her action before a justice of the peace to oust the plaintiff in error from a piece of land.  She filed her complaint in due form, the case was tried to the justice and a jury, and a verdict returned against the defendant below, and judgment entered upon the verdict, to which judgment error was prosecuted to the court of common pleas, and there the judgment was affirmed, and it is sought here to have the judgments of the lower court reversed.

The question in the case is whether, under the bill of exceptions brought here, the court should find that the verdict in the justice's court and the judgment were against the weight of evidence, and not sustained by sufficient evidence.

The point made by counsel for plaintiff in error is, that the evidence is not sufficient to show that the statutory notice to leave the premises was served three days before the action in forcible entry and detainer was commenced.

It is claimed on the part of the defendant in error that there is no authority in law to bring this question in a forcible entry and detainer suit before this court on error; second, that the bill of exceptions in any event is incomplete, in that it does not set forth all the testimony, and that, therefore, the court can not consider this question; and third, that if the bill of exceptions is considered, there is sufficient evidence to sustain the verdict.

The bill of exceptions does not purport to set forth all of the evidence, but it shows that the husband of the plaintiff below was her duly authorized agent to serve the written notice on the defendant, and "that he served this notice on the defendant personally; that plaintiff in open court demanded of the defendant that he produce this written notice as served, which demand defendant refused; that he gave this testimony in connection with considerable other testimony bearing on other points in the case, but he gave no further testimony

on the question of written notice on the defendant to vacate said land.''

The bill of exceptions proceeds thus:

''The plaintiff then gave no other or further testimony as to the written notice having been served on the defendant to vacate the said land before this action was commenced, and without identifying any original notice or a copy of the same as having been served on the defendant at least three days before the action was commenced, and without introducing any such notice, either original or copy, or offering to introduce any such notice in evidence to the court and jury, she rested her case.

''Whereupon, the defendant, by his counsel, Thomas N. Bierly, moved the court to dismiss this action for the reason that the court had no jurisdiction to further proceed in the same, on account of said failure of proof as to the notice to vacate—because the plaintiff had not introduced in evidence any written notice, original or copy, that had been served on the defendant, showing that he had three days' notice to vacate said land before this action was brought; because there was no evidence to show by what day the defendant was to vacate the said land.''

The record discloses that there were several witneses called before the justice of the peace, who gave their testimony, and the bill of exceptions shows that there was other testimony (how much, of course, does not appear) besides this, which the justice certifies was all of the testimony there was upon the question of notice.

The bill not setting forth all of the testimony, nor purporting to do it, the first question is, can it be considered? Can we consider the question whether the verdict was against the weight of the evidence, and the judgment of the justice erroneous on that account? We are of the opinion, that we can not, under the law and authorities in this state. We think that a court of error can not review this question as to whether a verdict is against the weight of the evidence unless the bill of exceptions sets forth all of the testimony.

The magistrate has no power or jurisdiction to make a certificate that the testimony contained in the bill of exceptions is all of the testimony bearing upon this question of notice.

The facts are established in the trial of a case both by direct and circumstantial evidence. There may have been admissions of the party, there may have been conduct on his part, established by the evidence, that tended to show that a proper notice to suit, under the statute, had been served upon him, and to which the jury gave weight and consideration in arriving at their verdict, and this evidence may not have appeared to the justice to bear upon this question. It is not for the court to say what testimony was considered by the jury in arriving at their conclusion, or what testimony bore upon any particular question, if the question as to the weight of the evidence is to be presented to a higher court for review. The court reviewing such a question must have before it all of the testimony that went to the jury; for, as was said by Judge Ranney in a decision of the Supreme Court, it is in the nature of an appeal from the findings of the jury, and to enable a court of review to determine whether the jury was right or not, it must have all of the testimony that was offered before the jury, and it would not do to hold that the certificate of the court or judge who presided at the trial that this was all the testimony bearing on this question was sufficient. The question has been decided by this court as formerly constituted—Judges Bentley, Haynes and Scribner—in which the opinion was delivered by Judge Bentley, and the authorities collected and discussed. The case is that of *Cincinnati, H. & D. Ry. Co.* v. *Curtis*, 17 C. C., 554. The second paragraph of the syllabus is:

"The rule in Ohio that a bill of exceptions must contain all the evidence in the case, in order to enable the circuit court to reverse a judgment as against the weight of the evidence, is so absolute that the judgment will not be disturbed if evidence is omitted, although the bill may certify that such evidence or 'all other testimony offered in behalf of plaintiff relates solely to the character and extent of plaintiff's injuries.'"

The opinion, on page 116, cites from the decision of Judge Ranney, in *Eastman* v. *Wight*, 4 Ohio St., 157:

"To enable this court to review the judgment of the court below, overruling a motion for a new trial, because the verdict is claimed to be against the evidence, it must appear, either

expressly or by necessary implication, that the bill of exceptions contains all the evidence given to the jury upon the trial. This has been the constant course of decision, and is affirmed in several reported cases.    *    *    *

"Indeed, the very nature of the inquiry demonstrates the absolute necessity of the rule.   No question of law is involved, but it is simply an appeal from the jury on the facts; and without having the evidence given to the jury, it is impossible for us to say whether it justified their finding or not."

Judge Bentley, in delivering the opinion in the case above cited, says, on page 117:

"Now, the statement of this bill is:   All other testimony offered in behalf of plaintiff related solely to the character and extent of plaintiff's injury.   That was the opinion of the judge who signed the bill of exceptions and those who prepared the bill for his signature—the statement as to the character of the other testimony; but it indicates that there was other testimony which was not preserved, and from the authority of *Eastman* v. *Wight,* 4 Ohio St., 157, and *Railway Co.* v. *Probst,* 30 Ohio St., 104, where the judge had made a statement, it would seem to us, from that alone, that the proposition is strong and analogous to the present case, and decisive of it.   Peradventure the reviewing court may have had the same opinion in regard to the balance of the testimony that the jury may have had.   The jury may have thought that that testimony omitted by the bill, which the court say bore upon other points, in fact bore upon the principal question; and this court, if it were before us, might come to the same conclusion.   We think that the rule under the authorities is so absolute, in Ohio, that we are not permitted in this state of the record to reverse the judgment for this reason, although it is of no moment what the court think of the strength of the plaintiff's case, if we had all the testimony before us."

It is claimed in argument by counsel that the question whether a notice to quit had been served upon defendant was rather addressed to the court than to the jury, as the question of service of summons would be; but we think otherwise.   The statute, Section 6602, Revised Statutes, requires that the notice be served three days before the action is commenced by the party or some one acting for him, and before he can begin his action in forcible entry and detainer this notice must be served, and the

three days must have elapsed. In order to establish his case and recover against the defendant, he must establish that the notice was served the proper time before the action was commenced. Upon that question evidence may be offered both for and against, and that question goes to the jury along with the other questions in the case. So that we think it is clear that this question was properly submitted to the jury.

We hold, however, that such a question as this can not be reviewed upon error in any event in a forcible entry and detainer case. This was so held by the Supreme Court of the state in *State* v. *Wood*, 22 Ohio St., 537. The syllabus is:

"Section 137 of the justices' act (1 S. & C., 7941) authorizing the taking of exceptions to the opinion of the justice, upon 'questions of law and evidence,' in actions of forcible entry and detainer, does not extend to or include questions touching the weight or sufficiency of the evidence, but only such as relate to its competency."

The statute, Section 6610, Revised Statutes, is the same upon this subject now as it was when that case was decided. And upon the authority of this case, we hold that error can not be predicated upon this action of the justice. Holding these views, it is not necessary for us to discuss the evidence as disclosed by the bill of exceptions. I will touch upon one point only.

It is urged that inasmuch as the record shows that the notice itself was not offered in evidence, but the testimony in regard to it was oral, it should be considered as though no testimony had been offered, for the reason, as it is claimed, that the oral testimony offered was incompetent. The record, however, discloses that a demand was made in open court upon the defendant to produce the notice, so that it might be offered in evidence, and the paper itself that plaintiff was seeking to prove being the notice, and the action being of such a character that the defendant below was notified thereby that the plaintiff would seek to prove this notice or to offer it in evidence, this demand to produce and the refusal made this testimony proper, although no notice had been served upon the defendant prior to the trial to produce the notice.

1 Greenleaf on Evidence, Sections 560 and 561, says:

"Section 560. When the instrument or writing is in the hands or power of the adverse party, there are, in general, except in the cases above mentioned, no means at law of compelling him to produce it; but the practice, in such cases, is to give him or his attorney a regular notice to produce the original; not that, on proof of such notice, he is compellable to give evidence against himself, but to lay a foundation for the introduction of secondary evidence of the contents of the document or writing by showing that the party has done all in his power to produce the original.

"Section 561. There are three cases in which such notice to produce is not necessary. First, where the instrument to be produced and that to be proved are duplicate originals; for, in such case, the original being in the hands of the other party, it is in his power to contradict the duplicate original by producing the other, if they vary; secondly, where the instrument to be proved is itself a notice, such as a notice to quit, or notice of the dishonor of a bill of exchange; and, thirdly, where, from the nature of the action, the defendant has notice that the plaintiff intends to charge him with possession of the instrument as, for example, in trover for a bill of exchange."

So that it seems to be the rule that it is not necessary to serve a notice to produce where the instrument is itself a notice, or where from the nature of the action the party has notice that the other party will offer testimony as to the instrument in question.

We hold, therefore, that the evidence does tend to show that a notice was served upon the defendant to leave the premises— "to vacate the land," is the term used in the bill of exceptions; and that a demand was made upon the defendant in open court to produce that notice, which he refused to do. Having the notice in his possession, his refusal to produce it would be some evidence, at least, that the contents of the notice, if produced, would be against his contention, or in favor of the party calling for its production.

It is urged that under the statute notice should have been served by copy, and a duplicate copy retained by the plaintiff. The statute requires that the notice be served at least three days before the beginning of the action (Section 6602, Revised Statutes), and requires that the notice shall be served by leaving a written copy with the defendant or at his place of abode.

We do not think that this requires that two copies of the notice be made, but what the statute means is, that a notice in writing be served upon the defendant. It is of no moment to the defendant whether the plaintiff retains a copy of the written notice served upon him. When the plaintiff tries his case, it is necessary for him to show that the notice was served. If we were to consider this bill of exceptions upon the question of the weight of the evidence, we should hold that the evidence was sufficient to establish the fact that a notice was served upon the defendant to leave these premises. He being in open court, with a notice in his possession that was served upon him, and refusing to produce it, together with the other evidence that the record discloses, we are of the opinion that the jury were justified in returning a verdict in favor of the plaintiff.

For the reasons then, first, that there is no bill of exceptions here that the court can consider upon the question of the weight of the evidence; second, that under the law this question can not be raised in a court of error on a bill of exceptions; and third, that if we were to consider the bill of exceptions as it is here, we would find against the plaintiff in error, the judgments of the court of common pleas and of the justice of the peace are affirmed.

*T. N. Bierly,* for plaintiff in error.

*L. T. Williams* and *F. E. Calkins,* for defendant in error.